Dismissed and Memorandum Opinion filed January 6 , 2011.

 

 

In The

                                                                                                         

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00916-CV

____________

 

NATHANIEL JONES, III, Appellant

 

V.

 

HOUSTON POLICE DEPARTMENT, HARRIS COUNTY SHERIFF’S
DEPARTMENT, TEXAS DEPARTMENT OF PUBLIC SAFETY and HARRIS COUNTY DISTRICT
ATTORNEY, Appellees

 



 

On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 2010-50602

 



 

M E M O R
A N D U M   O P I N I O N

This is an attempted appeal from an order signed August 30,
2010, sustaining a contest to appellant’s affidavit of inability to pay costs
in his suit for expunction of records.  A partial clerk’s record was ordered so
this court could determine its jurisdiction.  The record was filed December 6,
2010. 

The record reveals that no final judgment has been entered in
this pending case.  The order that appellant seeks to appeal is interlocutory
and not subject to appeal until after a final judgment is entered.  See Burns
v. Burns, No. 14-09-00385-CV, 2009 WL 1795863, at *1 (Tex. App.—Houston
[14th Dist.] June 25, 2009, no pet.) (mem. op.) (dismissing appeal of
interlocutory order sustaining challenge to affidavit of inability to pay
costs); Aguilar v. Texas La Fiesta Auto Sales LLC, No. 01-08-00653-CV,
2009 WL 1562838, at *1 (Tex. App.—Houston [1st Dist.] June 4, 2009, no pet.) (mem.
op.) (same).

Generally, appeals may be taken only from final judgments.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex.2001).  Interlocutory orders may
be appealed only if permitted by statute.  Bally Total Fitness Corp. v.
Jackson, 53 S.W.3d 352, 352 (Tex. 2001); Jack B. Anglin Co., Inc. v.
Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  There are no
statutory provisions granting the right to appeal the interlocutory order at
issue in this case.  We may review a challenge to the denial of indigency only
when it is made as part of a pending appeal from a final judgment or other appealable
order.  See Tex. R. App. P. 20.1.

On December 10, 2010, notification was transmitted to the
parties of this court’s intention to dismiss the appeal for want of
jurisdiction unless appellant filed a response demonstrating this court’s
jurisdiction on or before December 27, 2010.  See Tex. R. App. P.
42.3(a).  Appellant filed no response.

Accordingly, the appeal is ordered dismissed.  

PER CURIAM

 

Panel consists of Justices
Seymore, Boyce and Christopher.